01

02

03

04

05

06          UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
07                 AT SEATTLE

08 RONALD BANKS, JR.,                    )
                                         )  CASE NO.    C10-0683-JLR
09        Petitioner,                    )                 (CR08-257-JLR)
                                         )
10     v.                                )
                                         )  REPORT AND RECOMMENDATION
11 UNITED STATES OF AMERICA              )
                                         )
12        Respondent.                    )
   _____)

13

14                          INTRODUCTION

15        Petitioner Ronald Banks, Jr., proceeding *pro se*, filed a motion to vacate, set aside, or

16 correct his sentence pursuant to 28 U.S.C. § 2255.  (Dkt. 1.)  Petitioner asserts ineffective

17 assistance of counsel in violation of the Sixth Amendment and that the government breached a

18 plea agreement by "manipulating" his criminal history score.   Respondent opposes petitioner's

19 motion to vacate.  (Dkt. 11.)   The Court, having reviewed petitioner's § 2255 petition, all

20 papers and exhibits in support and in opposition to that petition, and the balance of the record,

21 concludes that petitioner's § 2255 petition should be denied without an evidentiary hearing.

22 / / /

REPORT AND RECOMMENDATION
PAGE -1

01                                          BACKGROUND

02            On January 22, 2009, a federal grand jury returned a six count indictment charging

03       petitioner and a co-conspirator with one count of Conspiracy to Distribute MDMA/Ecstasy and

04       five counts of Possession of MDMA/Ecstasy with Intent to Distribute.   (Dkt. 11, Ex. 2 at 3.)

05       Petitioner thereafter pled guilty, on October 2, 2009, to one count of Conspiracy to Distribute

06       MDMA/Ecstasy.   (*Id.*, Ex. 3.)   In so doing, petitioner admitted his involvement in a

07       conspiracy to distribute ecstasy over the course of several years and, in particular, a conspiracy

08       to distribute at least 79,999 ecstasy pills, with a net weight of 19.99 kilograms.   (*Id*. at 4-5.)

09            Pursuant to the plea agreement, the parties agreed to a base offense level of 34 under the

10       Sentencing Guidelines based on the 19.99 kilograms of ecstasy.   (*Id.* at 6.)   Respondent

11       asserts that it entered into this agreement despite evidence and petitioner's own admissions that

12       he had purchased a far greater number of ecstasy pills during the course of the conspiracy.

13       (*See*, e.g., id., Ex. 2 at 1-3; Ex. 4 at 3.)

14            Petitioner agreed, in the plea agreement, to cooperate with law enforcement authorities

15       and to provide truthful testimony in any subsequent legal proceedings.   (*Id.*, Ex. 3 at 7.)   In

16       exchange, the government agreed to consider filing a motion pursuant to 18 U.S.C. § 3553(d)

17       and/or Section 5K1.1 of the United States Sentencing Guidelines, recommending that the Court

18       impose a sentence reflecting petitioner's cooperation.   (*Id.* at 8.)   Petitioner also agreed, as a

19       part of the plea agreement and on the condition that the Court impose a custodial sentence

20       within or below the Sentencing Guidelines range (or the statutory minimum, if greater than the

21       Guidelines range), to waive (1) "[a]ny right conferred by Title 18, United States Code, Section

22       3742 to appeal the sentence, including any restitution order imposed;" and (2) "[a]ny right to

REPORT AND RECOMMENDATION
PAGE -2

01   bring a collateral attack against the conviction and sentence, including any restitution order

02   imposed, except as it may relate to the effectiveness of legal representation." (*Id.* at 10-11.)

03          After entering the guilty plea, petitioner provided information to the government

04   regarding his involvement in the conspiracy and testified as a government witness in a

05   co-conspirator's trial.   (Id., Ex. 2 at 3-4.)   That testimony included his admission of

06   purchasing hundreds of thousands of ecstasy pills from his co-conspirators.   (*Id.*)

07          The Presentence Report prepared prior to sentencing determined petitioner's total

08   offense level to be 36, pursuant to Section 2D1.1(c)(2) of the Sentencing Guidelines.   (*Id.*, Ex.

09   1 at 9.)   This determination included consideration of petitioner's participation in a different

10   conspiracy, for which he was charged and pled guilty to distributing 2,028 ecstasy pills,

11   weighing 518 grams.   (*Id.* at 8-9.)   *See* also Case No. CR07-5346RBL.   The Probation

12   Officer who prepared the report concluded that, because the two offenses occurred in the same

13   time period and involved the same conduct, the drug quantities involved in the other conspiracy

14   should be used to calculate the base offense.   (*Id.* at 8 (citing Sections 1B1.3(a)(1)(A) and

15   (a)(2) of the Sentencing Guidelines).)

16          The Presentence Report also reviewed petitioner's criminal history, including two

17   juvenile felony convictions, multiple felony convictions for possession and possession with

18   intent to distribute, the felony conviction for conspiracy to distribute MDMA in Case No.

19   CR07-5346RBL, and misdemeanor convictions for driving with a suspended license and

20   negligent driving.   (*Id.* at 10-14.)   Excluding the juvenile convictions, one conviction for

21   driving with a suspended license, and the other conspiracy conviction, the Probation Officer

22   determined that petitioner's prior criminal history resulted in nine criminal history points.   (*Id.*

REPORT AND RECOMMENDATION
PAGE -3

at 15.)   The Probation Officer also added two points pursuant to Section 4A1.1(e) of the Sentencing Guidelines given that petitioner committed the offense under consideration within two years of being released from custody in a 2005 possession of ecstasy case.   (*Id.*) Petitioner, thus, had a total criminal history score of eleven and a criminal history category of V.   (*Id.*)

The Probation Officer calculated petitioner's advisory sentencing guidelines range of imprisonment to be 210 to 240 months.   (*Id.* at 21.)   She recommended that petitioner be sentenced to 120 months confinement, to run concurrently with the 80 month sentence he was serving for the other conspiracy conviction, and three years of supervised release.   (*Id.*, Ex. 4 at 1, 4.)

Petitioner's counsel filed a sentencing memorandum.   While agreeing to the assessed category V criminal history, petitioner's counsel did not agree that petitioner should receive one criminal history point for a misdemeanor conviction of driving with a suspended license.   (*Id.*, Ex. 5 at 3.)   He disputed the Probation Officer's conclusion that the sentence for that conviction – two days in jail, with the balance of the year suspended on the condition of no new violations – constituted a term of probation of at least one year as defined under Section 4A1.2(c)(1)(A).   (*Id.*)   Petitioner's counsel asserted that petitioner was not placed on supervision or probation and was merely given a suspended sentence.   (*Id.* at 3-4.)   He further argued that petitioner was deserving of Section 5K1.1 relief based on his cooperation with the government.   (*Id.* at 4.)   Petitioner's counsel asked that petitioner be sentenced to 80 months confinement, to run concurrently with his other 80 month term, taking into consideration, *inter alia*, the substantial assistance provided to the government and the fact that petitioner had been

REPORT AND RECOMMENDATION
PAGE -4

01   assaulted and his family members threatened   as a result of that cooperation.  (*Id.* at 5-6.)

02        Petitioner's counsel reiterated his objection to the driving with a suspended license

03 criminal history point at the sentencing hearing.  (*Id.*, Ex. 6 at 3.)   He added, however, that he

04 did not think the dispute "would be germane at [that] juncture[]" given the Court's decision to

05 grant the government's motion to depart downwards from the Sentencing Guidelines pursuant

06 to Section 5K1.1.  (*Id.*)   Petitioner's counsel also argued in favor of his recommended

07 sentence of 80 months, noting petitioner's decision to cooperate despite never having done so in

08 the past, his difficult background and upbringing, and the risks accompanying his decision to

09 cooperate.  (*Id.* at 3-6.)   The government, in both its sentencing recommendations and at

10 sentencing itself, recommended a 95 month term of imprisonment, to run concurrently with the

11 80 month sentence.   (*Id.*, Exs. 2 and 6.)

12        District Court Judge James L. Robart calculated a total offense level of thirty three and

13 criminal history category of V, giving rise to a presumptive guidelines range of 210 to 240

14 months.  (*Id.*, Ex. 6 at 12.)   After discussing, *inter alia*, the serious nature of the offense,

15 petitioner's extensive criminal history, difficult upbringing, and decision to cooperate, and the

16 factors set forth in Section 18 U.S.C. § 3553(a), Judge Robart sentenced petitioner to a 96

17 month term of imprisonment, to run concurrently with his 80 month sentence, and a three year

18 term of supervised release.  (*Id.* at 12-16.)

19 DISCUSSION

20       As stated above, petitioner argues the ineffective assistance of his trial counsel and

21 manipulation of his criminal history category.   For the reasons described below, both of these

22 contentions lack merit.

REPORT AND RECOMMENDATION
PAGE -5

01    A.      Ineffective Assistance of Counsel

02        The Sixth Amendment guarantees a criminal defendant the right to effective assistance

03    of counsel.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).   Courts evaluate claims of

04    ineffective assistance of counsel under the two-prong test set forth in *Strickland*.   Under that

05    test, a defendant must prove (1) that counsel's performance fell below an objective standard of

06    reasonableness and (2) that a reasonable probability exists that, but for counsel's error, the

07    result of the proceedings would have been different.   *Id.* at 687-694.

08        When considering the first prong of the Strickland test, judicial scrutiny must be highly

09    deferential.  *Id.* at 689.   There is a strong presumption that counsel's performance fell within

10    the wide range of reasonably effective assistance.  *Id.*   The Ninth Circuit has made clear that

11    "'[a] fair assessment of attorney performance requires that every effort be made to eliminate the

12    distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged

13    conduct, and to evaluate the conduct from counsel's perspective at the time.'"   *Campbell v.*

14    *Wood*, 18 F.3d 662, 673 (9th Cir. 1994) (*quoting Strickland*, 466 U.S. at 689).

15        The second prong of the Strickland test requires a showing of actual prejudice related to

16    counsel's performance.   The reviewing court need not address both components of the inquiry

17    if an insufficient showing is made on one component.   *Strickland*, 466 U.S. at 697.

18    Furthermore, if both components are to be considered, there is no prescribed order in which to

19    address them.   *Id.*

20        Petitioner avers his counsel's ineffectiveness in failing to insure the accuracy of the

21    criminal history calculations taken into account in his sentencing.   As observed by respondent,

22    although petitioner does not delineate any inaccuracies in this ground for relief, he presumably

01  intends to refer to the alleged errors identified in his second ground for relief.  Petitioner,

02  therefore, appears to challenge his counsel's effectiveness in relation to the two criminal history

03  points he received for a sixty day sentence on a 2005 possession of ecstasy charge, and one

04  criminal history point he received for a 2001 driving on a suspended license misdemeanor

05  conviction.  (*See* Dkt. 1 at 6.)  Petitioner asserts that, pursuant to Section 4A1.1, he should

06  have received one criminal history point for a sentence of sixty days or less and no points for a

07  driving infraction.  (*Id.* at 6 and 13.)  He maintains that, had his criminal history been

08  calculated accurately, he would have had nine criminal history points and a criminal history

09  category of IV, reducing his sentence to 80 months.  (*Id.* at 13.)

10       Petitioner fails to establish an erroneous calculation of his criminal history.  Section

11  4A1.1(b) calls for the addition of two criminal history points "for each prior sentence of

12  imprisonment of at least sixty days[.]"  18 U.S.C.S. Appx. § 4A1.1(b).  Petitioner's 2005

13  possession conviction resulted in a two month sentence.  (Dkt. 11, Ex. 1 at 12.)  This

14  conviction, therefore, fell within the ambit of Section 4A1.1(b) and warranted the addition of

15  two criminal history points.  Given that these points were properly added, petitioner cannot

16  establish his counsel's ineffectiveness in failing to raise an objection related to this sentence.

17       Petitioner's argument with respect to the one criminal history point added for his 2001

18  misdemeanor conviction for driving with a suspended license likewise fails.  Under the

19  Sentencing Guidelines, a conviction for driving with a suspended license is counted in a

20  criminal history calculation if "the sentence was a term of probation of more than one year or a

21  term of imprisonment of at least thirty days[.]"  18 U.S.C.S. Appx. § 4A1.2(c)(1)(A).  A

22  sentence for a misdemeanor conviction that includes a requirement that a defendant commit no

REPORT AND RECOMMENDATION
PAGE -7

01  new law violations is the "functional equivalent of unsupervised probation" and, therefore,

02  scored under the Sentencing Guidelines.  *See, e.g., Harris v. United States*, 204 F.3d 681,

03  682-83 (6th Cir. 2000) ("As a form of conditional discharge, a ["provided no conviction"]

04  sentence is the 'functional equivalent of unsupervised probation.' . . . A sentence of one or more

05  years '[provided no conviction'] thus qualifies under § 4A1.1(c) as a term of probation of at

06  least one year.") (quoted and cited sources omitted) and *United States v. McCrudden*, 894 F.2d

07  338, 339 (9th Cir. 1990) ("The guidelines make no provision for treating 'unsupervised'

08  probation as less than probation. Even if unsupervised, probation can be revoked and replaced

09  by a sentence of greater punishment if further offenses are committed during the probationary

10  period.")   Therefore, given that petitioner received a sentence for his conviction on driving

11  with a suspended license of "2 days jail, 24 months no new law violations, . . . " (Dkt. 11, Ex. 1

12  at 12), this sentence was properly accorded a criminal history point.

13      Nor does petitioner otherwise establish the ineffectiveness of his counsel in relation to

14  the driving with a suspended license conviction.   Petitioner's counsel, in fact, raised an

15  argument regarding this point in both his sentencing memorandum and at sentencing itself.

16  (Dkt. 11, Ex. 5 at 3 and Ex. 6 at 3.)   Moreover, as argued by respondent, even had petitioner's

17  counsel succeeded with respect to this argument, his criminal history category would have, at

18  ten points total, remained V.   18 U.S.C.S. Appx. prec. § 5B1.1.

19      Finally, petitioner makes no showing of prejudice.   The record in this case reveals that

20  petitioner's sentence was correctly calculated, and that he received a significant departure from

21  the advisory range due in large part to his decision to cooperate with the government, despite

22  the serious nature of the crime and the fact that there was a basis for concluding he could be held

01  responsible for a far larger amount of ecstasy.   Any suggestion of prejudice arguably raised in

02  petitioner's petition is, as asserted by respondent, pure speculation and, therefore, insufficient

03  to entitle petitioner to relief.   *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory

04  allegations which are not supported by a statement of specific facts do not warrant habeas

05  relief.")

06          In sum, for the reasons described above, petitioner fails to show that his counsel's

07  performance fell below an objective standard of reasonableness or resulted in actual prejudice.

08  Accordingly, petitioner's first ground for relief should be denied.

09  B.      Manipulation of Criminal History Category

10          Petitioner maintains, in his second ground for relief, that the government breached the

11  plea agreement by manipulating the criminal history score.   However, as described above,

12  petitioner fails to demonstrate any error in his criminal history score.   Nor is there any

13  evidence that the criminal history category assigned to petitioner was in any way manipulated

14  by the government.   In fact, as stated by respondent, the Probation Officer, rather than the

15  United States Attorney, was responsible for calculating petitioner's criminal history score.

16          Moreover, as reflected in the plea agreement, petitioner waived his right to contest the

17  calculation of his criminal history points by waiving his right to appeal his sentence or bring a

18  collateral attack against his conviction or sentence, except as related to the effectiveness of his

19  counsel.  (Dkt. 11, Ex. 3 at 10-11.)   Petitioner acknowledged his understanding that he had

20  waived these rights at the change of plea hearing.   (Id., Ex. 7 at 16.)

21          "'A defendant's waiver of his appellate rights is enforceable if the language of the

22  waiver encompasses his right to appeal on the grounds raised, and if the waiver was knowingly

REPORT AND RECOMMENDATION
PAGE -9

01   and voluntarily made.'"  *United States v. Watson*, 582 F.3d 974, 987 (9th Cir. 2009) (*quoting*

02   *United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004)).   The waiver will not apply where

03   (1) a guilty plea failed to comply with Rule 11 of the Federal Rules of Criminal Procedure; (2)

04   the sentencing judge informed the defendant, contrary to the plea agreement, that he retained

05   the right to appeal; (3) the sentence does not comport with the terms of the plea agreement; or

06   (4) the sentence violated the law.  *Id.* (*citing United States v. Bibler*, 495 F.3d 621, 624 (9th

07   Cir. 2007)).

08          Here, petitioner provides no support for a contention that his waiver of his right to

09   appeal or pursue a collateral attack was other than knowingly or voluntarily made.   Nor does

10   petitioner assert, or the Court find, that any of the above-described exceptions apply.   As such,

11   petitioner's attempt to collaterally attack his conviction on his second ground for relief should

12   be denied.

13                                    CONCLUSION

14          For the reasons set forth above, the Court recommends that petitioner's § 2255 motion

15   be DENIED.   No evidentiary hearing is required as the record and documentary evidence

16   before the Court conclusively shows that petitioner is not entitled to relief.   28 U.S.C. §

17   2255(b).   A proposed Order of Dismissal accompanies this Report and Recommendation.

18          DATED this 13th day of October, 2010.

19

20          _____
            Mary Alice Theiler

21          United States Magistrate Judge

22

REPORT AND RECOMMENDATION
PAGE -10